# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| PANKAJ PURSHOTTAM BANSI, a U.S. Citizen,<br><br>  4815 Livingston Drive<br>  Frisco, TX 75033<br><br>  Plaintiff,<br><br>v.<br><br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>Serve:  Executive Office<br>        Office of the Legal Adviser<br>        Suite 5.600<br>        600 19th St. NW<br>        Washington, DC 20522<br><br>U.S. CONSULATE GENERAL MUMBAI, INDIA,<br><br>Serve:  Executive Office<br>        Office of the Legal Adviser<br>        Suite 5.600<br>        600 19th St. NW<br>        Washington, DC 20522<br><br><br>ANTONY BLINKEN, United States Secretary of State,<br><br>Serve:  Executive Office<br>        Office of the Legal Adviser<br>        Suite 5.600<br>        600 19th St. NW<br>        Washington, DC 20522<br><br>and;<br><br>DAVID J. RANZ, Consul General of the United | Case No.  4:22-cv-316 |

States at the U.S. Consulate General Mumbai, India,

Serve:  Executive Office
        Office of the Legal Adviser
        Suite 5.600
        600 19th St. NW
        Washington, DC 20522

  Defendants.

## COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S IMMIGRANT VISA APPLICATION

Plaintiff Pankaj Purshottam Bansi respectfully requests that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate long-delayed immediate relative visa applications.

## PARTIES

1. Plaintiff Pankaj Purshottam Bansi is a citizen of the United States.

2. Plaintiff's stepson Aaryan Ramkumar and stepdaughter Kyra Ramkumar are citizens of India, currently residing in Mumbai, India.

3. Defendant Department of State (hereinafter sometimes referred to as "the DOS") is the agency of the United States that is responsible for communicating with the DHS and managing Defendant Consulate of the United States in Mumbai, India, and which is responsible for implementing the immigrant visa provisions of the law.

4. Defendant Consulate of the United States in Mumbai, India, (hereinafter sometimes referred to as "the Embassy") is a component of the DOS that is responsible for processing immigrant visa applications and implementing the immigrant and non-immigrant visa provisions of the law.

5. Defendant Antony Blinken, the U.S. Secretary of State, is the highest ranking

official within the DOS. Blinken is responsible for the implementation of the INA and for ensuring compliance with applicable federal laws, including the APA. Blinken is sued in his official capacity as an agent of the government of the United States.

6. Defendant David Ranz, Consul General of the Consulate of the United States in Mumbai, India. They are being sued in an official capacity as an agent of the government of the United States.

## JURISDICTION AND VENUE

7. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

8. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) Plaintiff resides in this district.

9. This Honorable Court is competent to adjudicate this case, notwithstanding the doctrine of consular non-reviewability, *see United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537 (1950), because Defendants have not made any decision in regard to Aaryan Ramkumar's, and Kyra Ramkumar's visa applications.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

10. Pankaj Purshottam Bansi is the stepfather of Aaryan Ramkumar and is the immediate relative visa petitioner for Aaryan Ramkumar's immigrant visa application.

11. Under federal immigration law, USCIS is authorized to approve an alien relative

visa application filed by a U.S. citizen or lawful permanent resident status and to issue an immigrant visa to allow the alien relative to enter the U.S. and obtain lawful permanent resident status.

12. Aaryan Ramkumar is a citizen of India.

13. Plaintiff filed a visa petition for Aaryan Ramkumar with the USCIS on July 04, 2020.

14. Plaintiff paid, and Defendants accepted, all applicable filing and visa fees.

15. USCIS purportedly approved Plaintiff's I-130 immediate relative visa petitions on or about December 03, 2020.

16. The case should have then been sent to the National Visa Center (NVC), a part of the U.S. Department of State for visa processing. The NVC assigned Case Number BMB2020841008 to this case. Upon information and belief, the NVC completed its processing of the case and sent it to the U.S. consulate in Mumbai, India, for an interview.

17. Since that time, the agency has refused to issue a decision on this case.

18. Pankaj Purshottam Bansi has made repeated attempts to obtain a decision in this matter without involving this honorable Court. Plaintiff has contacted the consulate and the National Visa Center multiple times. This has led nowhere.

19. Pankaj Purshottam Bansi is the stepfather of Kyra Ramkumar and is the immediate relative visa petitioner for Kyra Ramkumar's immigrant visa application.

20. Under federal immigration law, USCIS is authorized to approve an alien relative visa application filed by a U.S. citizen or lawful permanent resident status and to issue an immigrant visa to allow the alien relative to enter the U.S. and obtain lawful permanent resident status.

21. Kyra Ramkumar is a citizen of India.

22. Plaintiff filed a visa petition for Kyra Ramkumar with the USCIS on July 04, 2020.

23. Plaintiff paid, and Defendants accepted, all applicable filing and visa fees.

24. USCIS purportedly approved Plaintiff's I-130 immediate relative visa petitions on or about December 03, 2020.

25. The cases should have then been sent to the National Visa Center (NVC), a part of the U.S. Department of State for visa processing. The NVC assigned Case Number BMB2020841007 to this case. Upon information and belief, the NVC completed its processing of the case and sent it to the U.S. consulate in Mumbai, India, for an interview.

26. Since that time, the agency has refused to issue a decision on this case.

27. Pankaj Purshottam Bansi has made repeated attempts to obtain a decision in this matter without involving this honorable Court. Plaintiff has contacted the consulate and the National Visa Center multiple times. This has led nowhere.

## FIRST CLAIM FOR RELIEF
### (Agency Action Unlawfully Withheld and Unreasonably Delayed)

For their first claim for relief against all Defendants, Plaintiff alleges, and states as follows:

28. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

29. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 555(b) creates a non-discretionary duty to conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991). A violation of this duty is a sufficient basis for mandamus relief.

30. The APA permits this Honorable Court to "compel agency action unlawfully

withheld or unreasonably delayed." 5 U.S.C. § 706(1).

31. The Defendants have refused to adjudicate Plaintiff's applications and to issue the requested visa applications.

32. The DOS regularly works with the DHS when carrying out background and security investigations that are delayed by administrative processing.

33. Upon information and belief, Plaintiff alleges that the USCIS and the DOS are and have been complicit in the delay in processing Aaryan Ramkumar's and Kyra Ramkumar's visa applications.

34. Plaintiff alleges that Aaryan Ramkumar's and Kyra Ramkumar's applications have been pending beyond a reasonable time period for completing administrative processing of their visa applications.

35. The combined delay and failure to act on Aaryan Ramkumar's and Kyra Ramkumar's immigrant visa applications is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

36. There are no alternative adequate or reasonable forms of relief available to Plaintiff.

37. Plaintiff has exhausted all available administrative remedies in pursuit of a resolution of this matter, including repeatedly requesting the processing of their case.

**SECOND CLAIM FOR RELIEF**
**(Violation of Right to Due Process of Law)**

For their second claim for relief against all Defendants, Plaintiff alleges, and states as follows:

38. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

39. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiff may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

40. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiff.

41. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiff by causing family separation between Plaintiff and Kyra Ramkumar and Aaryan Ramkumar, among other ways.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Pankaj Purshottam Bansi requests the following relief:

1. That this Honorable Court assume jurisdiction over this action;

2. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all administrative processing within sixty days;

3. That this Honorable Court take jurisdiction of this matter and adjudicate Aaryan Ramkumar's and Kyra Ramkumar's immigrant visas pursuant to this Court's declaratory judgment authority;

4. That this Honorable Court issue a writ of mandamus compelling Defendants to issue immigrant visas to Aaryan Ramkumar and Kyra Ramkumar;

5. That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiff the cause and nature of the delay and inform Plaintiff of any action that may be taken to accelerate processing of the visa applications;

6. Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal

Access to Justice Act, 28 U.S.C. § 2412;

       7.      Such other and further relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**
April 11, 2022

***/s/ James O. Hacking, III***
James O. Hacking, III
MO Bar # 46728
Hacking Immigration Law, LLC
10900 Manchester Road, Suite 203
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackingimmigrationlaw.com

**ATTORNEYS FOR PLAINTIFF**
